UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALCOA INC. AND REYNOLDS METALS COMPANY,<br><br>Plaintiffs,<br><br>- against -<br><br>ATM, INC.; LATIN IMPORT SRL, S.A. A/K/A LATIN IMPORT PANAMA, S.A.; XETAL, INC. D/B/A APO HEALTH, INC. AND UNIVERSAL MEDICAL DISTRIBUTORS, INC.; DR. JAN STAHL; AMG WORLDWIDE, INC.; GARY GRUENBERG; PURITY WHOLESALE GROCERS, INC. A/K/A SUPREME DISTRIBUTORS COMPANY; HERMAN DONNENFELD; AND JOHN DOES 1-50,<br><br>Defendants. | 04 Civ. No. 5225<br><br>FIRST AMENDED COMPLAINT<br><br>Jury Trial Demanded<br><br>FILED UNDER SEAL PURSUANT TO 15 U.S.C. § 1116 |

Plaintiffs Alcoa Inc. and Reynolds Metals Company (collectively, "Alcoa"), by their attorneys, Kramer Levin Naftalis & Frankel LLP and Fulbright & Jaworski L.L.P., for their complaint against defendants ATM, Inc. (ATM), Latin Import SRL, S.A. also known as Latin Import Panama, S.A. ("Latin Import"), Xetal, Inc. doing business as APO Health, Inc. and Universal Medical Distributors, Inc. (collectively, "APO"), Dr. Jan Stahl ("Stahl"), Gary Gruenberg ("Gruenberg"), AMG Worldwide, Inc. ("AMG"), Purity Wholesale Grocers, Inc. also known as Supreme Distributors Company (collectively, "Purity"), Herman Donnenfeld ("Donnenfeld") and John Does 1-50, alleges as follows:

## THE NATURE OF THE ACTION

1. This case involves the manufacture, sale and distribution of counterfeit Reynolds Wrap aluminum foil. Alcoa is the distributor of the world-renowned, high-quality Reynolds Wrap aluminum foil. APO and its principal, Stahl, are distributors of grocery and other products

based in Oceanside, New York. APO and Stahl purchased tens of thousands of rolls of inferior-quality counterfeit Reynolds Wrap aluminum foil from ATM, Latin Import, AMG and Gruenberg. Purity purchased some of the counterfeit rolls from APO and Stahl and resold them to a number of retail stores. Donnenfeld also purchased tens of thousands of rolls of inferior-quality counterfeit Reynolds Wrap aluminum foil from ATM and Latin Import. As a result, this action seeks injunctive and monetary relief for trademark infringement in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114), false descriptions and false designations of origin in commerce in violation of Section 43 of the Lanham Act (15 U.S.C. § 1125) and New York General Business Law Section 349, trademark dilution in violation of Section 43 of the Lanham Act (15 U.S.C. § 1125) and New York General Business Law Section 360-l, and common law unjust enrichment and unfair competition.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338 and 1367 and general principles of ancillary and pendent jurisdiction.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

4. Alcoa Inc. is a corporation organized under the laws of Pennsylvania. Alcoa's corporate offices are located in Pittsburgh, Pennsylvania. Its executive offices are located in New York and it has manufacturing and other locations in many states.

5. Reynolds Metals Company is a direct subsidiary of Alcoa Inc., and is a corporation organized under the laws of the State of Delaware, with a place of business in Virginia.

6. ATM, Inc. is a registered Panamanian corporation with a place of business in Panama City. Personal jurisdiction is proper over it pursuant to Fed. R. Civ. P. Rule 4(k)(1) and N.Y.C.P.L.R. § 302.

7. Latin Import SRL, S.A. is a registered Panamanian corporation with a place of business in Panama City. Personal jurisdiction is proper over it pursuant to Fed. R. Civ. P. Rule 4(k)(1) and N.Y.C.P.L.R. § 302.

8. Gary Gruenberg resides in Florida. Personal jurisdiction is proper over him pursuant to Fed. R. Civ. P. Rule 4(k)(1) and N.Y.C.P.L.R. § 302.

9. Gruenberg is the principal and owner of AMG. Defendants AMG and Gruenberg share the same address in Florida. Personal jurisdiction is proper over AMG pursuant to Fed. R. Civ. P. Rule 4(k)(1) and N.Y.C.P.L.R. § 302.

10. Gruenberg is the moving active conscious force behind AMG's counterfeiting activities.

11. APO Health, Inc. is headquartered in Oceanside, New York. Personal jurisdiction is proper over APO pursuant to Fed. R. Civ. P. Rule 4(k)(1) and N.Y.C.P.L.R. §§ 301 and 302.

12. Dr. Jan Stahl is the principal and owner of APO. He resides in New York. Personal jurisdiction is proper over him pursuant to Fed. R. Civ. P. Rule 4(k)(1) and N.Y.C.P.L.R. §§ 301 and 302.

13. Stahl is the moving acting conscious force behind APO's counterfeiting activities.

14. Purity Wholesale Grocers, Inc.'s principal place of business is in Boca Raton, Florida. Personal jurisdiction is proper over Purity pursuant to Fed. R. Civ. P. Rule 4(k)(1) and N.Y.C.P.L.R. §§ 301 and/or 302.

15. Herman Donnenfeld resides in New York. Personal jurisdiction is proper over him pursuant to Fed. R. Civ. P. Rule 4(k)(1) and N.Y.C.P.L.R. §§ 301 and 302.

16. Defendants John Does 1-50 are individuals and business entities, whose identities are presently unknown to Alcoa, who participated in the manufacture, sale or distribution of the counterfeit Reynolds Wrap aluminum foil. To the extent their identities become known to Alcoa, those defendants will be joined and the acts in which they engaged will be pleaded in an amended complaint.

## THE FACTS

### Alcoa's World-Renowned Trademark

17. Reynolds Metals Company is the owner of incontestable federal trademark registrations for the REYNOLDS WRAP name and design: Registration No. 677,909, registered in the Principal Register on May 5, 1959, for the REYNOLDS WRAP name; Registration No. 1,067,092, registered in the Principal Register on June 7, 1977, for the REYNOLDS WRAP name and design; and Registration No. 1,070,888, registered in the Principal Register on August 9, 1977, for the REYNOLDS WRAP design. Reynolds Metals Company owns corresponding trademark registrations in at least 53 other countries (collectively, "Reynolds Wrap Marks").

18. Alcoa has spent and continues to spend large sums of money marketing and selling in interstate commerce Reynolds Wrap aluminum foil packaged in high-quality boxes bearing its trademarks and trade dress. As a result of the extensive advertising of Reynolds Wrap aluminum foil in connection with the Alcoa trademarks, the widespread sale of Reynolds Wrap aluminum foil and the celebrity that Reynolds Wrap Marks have achieved, aluminum foil bearing Reynolds Wrap Marks has been and is now recognized by the public and in the trade as originating from a single source, Alcoa.

19. Aluminum foil bearing the Reynolds Wrap Marks have come to be known by the purchasing public throughout the United States as aluminum foil of the highest quality. As a result, the Reynolds Wrap Marks and the goodwill associated with them, are of inestimable value to Alcoa.

20. Alcoa has engaged and continues to engage in interstate activities designed to promote Reynolds Wrap and the business and goodwill associated with each of its trademarks and to expand the use and reputation of its trademarks, trade dress, logos and property in the state of New York and throughout the United States.

The Sale and Distribution of the Counterfeit Reynolds Wrap aluminum foil

21. In multiple transactions beginning in September 2003, APO and Stahl purchased tens of thousands of rolls of counterfeit Reynolds Wrap aluminum foil from ATM, Latin Import, AMG and Gruenberg. APO and Stahl previously purchased counterfeit shampoo from the same defendants. Those products are subject of existing litigation in this Court.

22. APO and Stahl sold the counterfeit aluminum foil to a number of distributors, including Purity. Purity then sold the counterfeit Reynolds Wrap aluminum foil to retail stores.

23. Donnenfeld also purchased counterfeit Reynolds Wrap aluminum foil from ATM and Latin Import, and has sold, and is attempting to sell, the counterfeit aluminum foil.

24. Based at least on the condition of the packaging, the poor quality of the aluminum foil and the pricing, and, for these defendants except Purity, their knowledge of the prior dealings with ATM and Latin Import, it is likely that APO, Stahl, Gruenberg, AMG, Purity and Donnenfeld either knew that the products were counterfeit or, at a minimum, were willfully blind to the facts and failed to make diligent inquiry.

25. Alcoa has been and continues to be damaged by defendants' above-stated activities and conduct. The defendants have profited thereby and, unless enjoined, Alcoa's business, goodwill and reputation will suffer irreparable injury, which cannot be adequately calculated or compensated for solely by money damages.

FIRST CAUSE OF ACTION:
FEDERAL TRADEMARK INFRINGEMENT

26. Alcoa repeats and realleges paragraphs 1-25 as if fully set forth herein.

27. In violation of 15 U.S.C. § 1114(1)(a), defendants used in commerce, without Alcoa's consent, either a reproduction, counterfeit, copy or colorable imitation of the Reynolds Wrap Marks in connection with the sale, offering for sale, distribution, or advertising of counterfeit Reynolds Wrap aluminum foil or in connection with which such use that is likely to cause confusion, or to cause mistake or to deceive.

SECOND CAUSE OF ACTION:
FEDERAL TRADEMARK INFRINGEMENT

28. Alcoa repeats and realleges paragraphs 1-25 as if fully set forth herein.

29. In violation of 15 U.S.C. § 1114(1)(b), defendants reproduced, counterfeited, copied or colorably imitated a registered mark belonging to Alcoa and applied such reproduction, counterfeit, copy or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the offering for sale, distribution or advertising of counterfeit Reynolds Wrap aluminum foil on or in connection with such use that is likely to cause confusion, to cause mistake or to deceive.

THIRD CAUSE OF ACTION: FEDERAL FALSE
DESCRIPTION AND FALSE DESIGNATION OF ORIGIN IN COMMERCE

30. Alcoa repeats and realleges paragraphs 1-25 as if fully set forth herein.

31. In violation of 15 U.S.C. § 1125(a)(1)(A), defendants, in connection with the counterfeit Alcoa products, used in commerce a word, term, name, symbol or device, or any combination thereof, or a false designation of origin, false or misleading description of fact or false or misleading representation of fact, which was or is likely to cause confusion or to cause mistake, or to deceive as to an affiliation, connection, or association with Alcoa.

FOURTH CAUSE OF ACTION:
FEDERAL FALSE ADVERTISING

32. Alcoa repeats and realleges paragraphs 1-25 as if fully set forth herein.

33. In violation of 15 U.S.C. § 1125(a)(1)(B), defendants, in connection with the sale of the counterfeit Alcoa products, used a word, term, name, symbol, or device or any combination thereof, or a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which in commercial advertising or promotion, misrepresents the nature, characteristics, and qualities of the counterfeit Alcoa products.

FIFTH CAUSE OF ACTION:
FEDERAL DILUTION OF MARK

34. Alcoa repeats and realleges paragraphs 1-25 as if fully set forth herein.

35. The Reynolds Wrap Marks are famous and distinctive within the meaning of 15 U.S.C. § 1125(c).

36. Defendants have sold and are continuing to sell counterfeit products bearing the Reynolds Wrap Marks after such trademarks and trade dress became famous.

37. By selling these counterfeit products, defendants have diluted and are diluting the distinctive quality of a mark or trade name owned by Alcoa in violation of 15 U.S.C. § 1125(c).

SIXTH CAUSE OF ACTION:
NEW YORK DILUTION OF MARK AND INJURY TO BUSINESS REPUTATION

38. Alcoa repeats and realleges paragraphs 1-25 as if fully set forth herein.

39. The Reynolds Wrap Marks and related are distinctive within the meaning of New York General Business Law § 360-l.

40. By selling low-quality counterfeit products bearing the Reynolds Wrap Marks, defendants have injured and are continuing to injure Alcoa's business reputation and/or defendants have diluted and are continuing to dilute the distinctive quality of a mark or trade name owned by Alcoa, in violation of New York General Business Law § 360-l.

## SEVENTH CAUSE OF ACTION: NEW YORK DECEPTIVE BUSINESS PRACTICES

41. Alcoa repeats and realleges paragraphs 1-25 as if fully set forth herein.

42. In violation of New York General Business Law § 349, defendants are selling, offering for sale and/or distributing low quality counterfeit products unlawfully bearing the Reynolds Wrap Marks.

## EIGHTH CAUSE OF ACTION: COMMON LAW UNFAIR COMPETITION

43. Alcoa repeats and realleges paragraphs 1-25 as if fully set forth herein.

44. In violation of the common law of the state of New York and elsewhere, defendants have unfairly competed with Alcoa by selling the counterfeit products.

## NINTH CAUSE OF ACTION: COMMON LAW UNJUST ENRICHMENT

45. Alcoa repeats and realleges paragraphs 1-25 as if fully set forth herein.

46. By selling the counterfeit products bearing Alcoa's valuable trademarks, defendants have been unjustly enriched at Alcoa's expense in violation of the common law of New York and elsewhere.

## RELIEF SOUGHT

47. Wherefore, Alcoa demands judgment against defendants as follows:

(a) that preliminary and permanent injunctions be issued enjoining defendants and their subsidiaries, parents, affiliates, agents, servants, employees, directors, officers and attorneys and those persons in active concert or participation with them:

(i) from using any of the Reynolds Wrap Marks or any marks confusingly similar thereto in connection with the manufacture, sale, offer for sale, distribution, advertisement, or any other use of aluminum foil;

(ii) from using any logo, trade name or trademark confusingly similar to any of the Reynolds Wrap Marks which may be calculated to falsely represent or which has the effect of falsely representing that the services or products of defendants or of others are sponsored by, authorized by or in any way associated with Alcoa;

(iii) from infringing any of the Reynolds Wrap Marks;

(iv) from otherwise unfairly competing with Alcoa in the manufacture, sale, offering for sale, distribution, advertisement, or any other use of Reynolds Wrap aluminum foil;

(v) from falsely representing themselves as being connected with Alcoa or sponsored by or associated with Alcoa or engaging in any act which is likely to cause the trade, retailers and/or members of the purchasing public to believe that defendants are associated with Alcoa;

(vi) from using any reproduction, counterfeit, copy, or colorable imitation of any of the Reynolds Wrap Marks in connection with the publicity, promotion, sale, or advertising of aluminum foil;

(vii) from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation including words or other symbols tending to falsely describe or represent such goods as being Reynolds Wrap aluminum foil and from offering such goods in commerce;

(viii) from diluting any of the Reynolds Wrap Marks;

(ix) from destroying any records documenting the manufacture, sale, offer for sale, distribution, advertisement or receipt of any product purporting to be Reynolds Wrap aluminum foil; and

(x) from assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (ix) above; and

(b) ordering that, within fifteen days after the entry and service of a preliminary or permanent injunction, each defendant serve and file a written report under oath setting forth in detail the manner and form in which it has complied with the injunction; and

(c) ordering that all infringing material be seized, impounded and destroyed; and

(d) awarding to Alcoa punitive damages from each defendant in an amount to be ascertained at trial, but in no event less than $10 million from each defendant; and

(e) awarding to Alcoa damages and costs in an amount to be ascertained at trial, trebled, and reasonable costs and attorney's fees; and

(f) awarding to Alcoa an accounting of any and all profits from each defendant's manufacture, sale and distribution of the counterfeit Reynolds Wrap aluminum foil; and

(g) awarding to Alcoa pre-judgment and post-judgment interest; and

(h) awarding such other and further relief to Alcoa as may be just and proper.

Dated: New York, New York
December 2, 2004

Respectfully submitted,

KRAMER LEVIN NAFTALIS & FRANKEL LLP

Geoffrey Potter (GP-8073)
Yehudis Lewis (YL-9974)
919 Third Avenue
New York, New York 10022
(212) 715-9100

- and -

FULBRIGHT & JAWORSKI L.L.P.

Mark N. Mutterperl (MM-1977)
Nathan T. Alexander (NA-3850)
666 Fifth Avenue
New York, New York 10103
(212) 318-3000

Attorneys for Plaintiffs
Alcoa Inc. and Reynolds Metals Company