UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
THE PROCTER & GAMBLE COMPANY,

                             Plaintiff,      **MEMORANDUM OF DECISION AND ORDER**
                                           04-CV-2820 (DRH) (WDW)

        - against -

XETAL, INC., et al.,

                             Defendants.

----------------------------------------------------------------X
ALCOA INC. AND REYNOLDS METALS      04-CV-5225 (DRH) (WDW)
COMPANY,

                             Plaintiffs,

        - against -

ATM, INC., et al.,

                             Defendants.
----------------------------------------------------------------X

**A P P E A R A N C E S :**

**For the Plaintiffs:**
**Kramer Levin Naftalis & Frankel LLP**
919 Third Avenue
New York, New York 10022
By: Geoffrey Potter, Esq.
    Yehudis Lewis, Esq.
    Alison Sclater, Esq.

**Fulbright & Jaworski L.L.P.**
666 Fifth Avenue
New York, New York 10103
By: Mark N. Mutterperl, Esq.
    Nathan Alexander, Esq.
    Emily Frangos, Esq.

**For the Defendant Dr. Jan Stahl:**
**Wilson, Elser, Moskowitz, Edelman & Dicker L.L.P.**
150 East 42nd Street
New York, New York 10017-5639
By: Thomas A. Leghorn, Esq.
    Adam R. Bialek, Esq.
    Laura M. Feigenbaum, Esq.

**HURLEY, District Judge:**

Defendant Dr. Jan Stahl ("Dr. Stahl") moves to dismiss both of the above-referenced actions pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). For the reasons stated below, the motions are denied.

## *BACKGROUND*

Both actions allege that Dr. Stahl purchased and sold counterfeit products which were knock-offs of the plaintiffs' products. The Court will briefly discuss each case in turn.

### I.     *The Procter & Gamble Action*

The following facts are drawn from the Third Amended Complaint. Plaintiff The Procter & Gamble Company ("Procter & Gamble") is a distributor of "world-renowned high-quality consumer products sold under various registered trademarks, including 'Pantene' and 'Head & Shoulders.'" (Third Am. Compl. ¶ 1.) Beginning in July 2003 and ending in March 2004, defendants Xetal, Inc. doing business as APO Health, Inc. and Universal Medical Distributors, Inc. (collectively, "APO") and Dr. Stahl, an officer of APO, (*id.* ¶ 11), purchased hundreds of thousands of bottles of counterfeit Pantene and Head & Shoulders from defendants Fred Harrick, Gary and Sylvia Gruenberg, ATM, Inc., Latin Import SRL, S.A. a/k/a Latin Import Panama, S.A., and AMG Worldwide, Inc. (*id.* ¶ 21), and sold them to defendants Brothers Trading Co. doing business as Victory Wholesale Grocers, Quality King Distributors, DLR

2

Distribution, Inc., and Council Rock Medical Distributors. (*Id.* ¶ 48.) Proctor & Gamble alleges that based on "the condition of the packaging, the poor quality of the shampoo and the pricing," it is likely that Dr. Stahl "either knew that the products were counterfeit or, at a minimum, [was] willfully blind to the facts and failed to make diligent inquiry." (*Id.* ¶ 51.) Finally, Proctor & Gamble alleges that Dr. Stahl "is the moving, acting and conscious force behind APO's counterfeiting activities." (*Id.* ¶ 13.) The Third Amended Complaint asserts nine causes of action for, inter alia, trademark infringement, dilution of trademark, unfair competition, and deceptive business practices.

## II.    *The Alcoa Action*

The following facts are drawn from the First Amended Complaint.[1] Plaintiffs Alcoa Inc. and Reynolds Metals Company (collectively, "Alcoa") are distributors of the "world-renowned, high-quality Reynolds Wrap aluminum foil." (First Am. Compl. ¶ 1.) APO is a distributor of grocery and other products. (*Id.*) Dr. Stahl is alleged to be the principal and owner of APO. (*Id.* ¶ 12.)

Beginning in September 2003, APO and Dr. Stahl purchased tens of thousands of rolls of counterfeit Reynolds Wrap aluminum foil from defendants ATM, Inc., Latin Import SRL, S.A. a/k/a Latin Import Panama, S.A., AMG Worldwide, Inc., and Gary Gruenberg, (*id.* ¶ 21), and sold them to defendant Purity Wholesale Grocers. (*Id.* ¶ 22.) As in the other action, Alcoa alleges that based on "the condition of the packaging, the poor quality of the aluminum foil and the pricing," Dr. Stahl "either knew that the products were counterfeit or, at a minimum,

---

[1] Although the motion targets the original Complaint, a First Amended Complaint has since been filed and accepted by the Court. Because the allegations in both pleadings are identical with regard to Dr. Stahl, the Court will refer to the First Amended Complaint.

3

[was] willfully blind to the facts and failed to make diligent inquiry." (*Id.* ¶ 24.) In addition, Alcoa similarly alleges that Dr. Stahl "is the moving acting conscious force behind APO's counterfeiting activities." (*Id.* ¶ 13.) The First Amended Complaint asserts nine causes of action for, inter alia, trademark infringement, dilution of trademark, unfair competition, and deceptive business practices.

Dr. Stahl moves to dismiss both actions in their entirety. Because the Court finds that Dr. Stahl's arguments lack merit, his motions are denied.

**DISCUSSION**

## I. *Motion to Dismiss: Legal Standards*

In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court must limit itself to the facts stated in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. *Hayden v. County of Nassau*, 180 F.3d 42, 54 (2d Cir. 1999). The court must accept the factual allegations contained in the complaint as true, and view the pleadings in the light most favorable to the non-moving party, drawing all reasonable inferences in his favor. *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994). Dismissal under Rule 12(b)(6) is appropriate only if it appears beyond doubt that a plaintiff can prove no set of facts entitling him to relief in support of his claim. *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 79 (2d Cir. 2003).

## II. *The Motions to Dismiss are Denied*

Dr. Stahl moves to dismiss both actions on the grounds that the pleadings fail to allege: (1) any independent tortious conduct on Dr. Stahl's behalf which is not within the scope and course of his employment; (2) sufficient facts to warrant piercing the corporate veil; and

4

(3) any causal connection between the acts of Dr. Stahl and the alleged wrongdoing. In connection with these arguments, Dr. Stahl submits his affidavit in which he denies ever physically taking possession of the products and claims that he always believed that the products were genuine. (Affs. of Dr. Stahl, dated Jan. 12, 2005 and Oct. 14, 2005.) Dr. Stahl's arguments are unavailing.

It is well-settled "that a corporate officer who commits or participates in a tort, even if it is in the course of his duties on behalf of the corporation, may be held individually liable." *LoPresti v. Terwilliger*, 126 F.3d 34, 42 (2d Cir. 1997) (citation and internal quotation marks omitted). Moreover, in the context of trademark infringement and unfair competition, a corporate officer may be personally liable if it is established that "the officer is a moving, active conscious force behind [the defendant corporation's] infringement." *Bambu Sales, Inc. v. Sultana Crackers, Inc.*, 683 F. Supp. 899, 913 (E.D.N.Y. 1988) (citation and internal quotation marks omitted); *see also Proctor & Gamble Co. v. Quality King Distribs., Inc.*, 123 F. Supp. 2d 108, 117 (E.D.N.Y. 2000) (same); *Monsanto Co. v. Haskel Trading, Inc.*, 13 F. Supp. 2d 349, 354 (E.D.N.Y. 1998) (same).

Here, the crux of both actions is that Dr. Stahl, as an officer and/or principal of APO, bought and sold counterfeit goods that were knock-offs of plaintiffs' products and either knew or should have known that the products were fake. Both actions further allege that Dr. Stahl was the "moving, active conscious force behind" APO's counterfeiting activities. Accepting plaintiffs' allegations as true, as the Court must do, these allegations are clearly sufficient to pass Rule 12(b)(6) muster. Although it may be, as Dr. Stahl claims, that he never inspected the goods and was "shocked" to learn that the products were alleged to be counterfeit,

5

those are questions for another day. Because the nature and extent of his participation in the alleged wrongdoing is a question of fact not appropriate for disposition under Rule 12(b)(6), the Court declines to dismiss the actions against him at this juncture.

## CONCLUSION

For all of the above reasons, Dr. Stahl's motions to dismiss both of the above-referenced actions are DENIED.

**SO ORDERED.**

Dated: March 23, 2006
      Central Islip, New York       /s_____
                                           Denis R. Hurley,
                                           United States District Judge