Thomas A. Leghorn (TAL 6244)
Adam R. Bialek (AB 6268)
Laura M. Feigenbaum (LF 2998)
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
3 Gannett Drive
White Plains, New York 10604-3407
Tel: (914) 323-7000
Fax: (914) 323-7001
Attorneys for Defendants Dr. Jan Stahl and
APO Health, Inc., a New York Corporation

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALCOA INC. AND REYNOLDS METALS COMPANY, | |
| Plaintiffs, | 04 Civ. No. 5225 |
| - against - | **ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND CROSS CLAIMS** |
| ATM, INC.; LATIN IMPORT SRL, S.A.; XETAL, INC. D/B/A/ APO HEALTH, INC. AND UNIVERSAL MEDICAL DISTRIBUTORS, INC.; DR. JAN STAHL; AMG WORLDWIDE, INC.; GARY GRUENBERG; PURITY WHOLESALE GROCERS, INC. A/K/A SUPREME DISTRIBUTORS COMPANY; HERMAN DONNENFELD; AND JOHN DOES 1-50, | |
| Defendants. | |

Defendant DR. JAN STAHL (hereinafter "DR. STAHL") by and through his attorneys, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, responds to the allegations within the Amended Complaint as follows:

## AS TO THE NATURE OF THE ACTION

1. Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "1" of the Amended Complaint except admits that APO

is a distributor of grocery and other products based in Oceanside, New York and refers all question of law to the Honorable Court for determination.

## AS TO JURISDICTION AND VENUE

2. Refers all questions of law concerning the allegations within Paragraph "2" of the Amended Complaint but denies any allegation or inference of wrongdoing by the answering defendant.

3. The answering defendant does not contest the selection of venue as set forth within Paragraph "3" of the Amended Complaint but denies any allegation or inference of wrongdoing.

4. Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "4" of the Amended Complaint.

5. Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "5" of the Amended Complaint.

6. Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "6" of the Amended Complaint.

7. Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "7" of the Amended Complaint.

8. Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "8" of the Amended Complaint.

9. Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "9" of the Amended Complaint.

10. Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "10" of the Amended Complaint.

11. The answering defendant does not contest personal jurisdiction over APO, but refers all questions of law to the Honorable Court for determination.

12. With respect to Paragraph "12" of the Amended Complaint, personal jurisdiction over DR. STAHL is not contested. DR. STAHL admits that he is an officer and employee of APO, but refers all questions of law to the Honorable Court for determination.

13. Denies each and every allegation contained within Paragraph designated "13" of the Amended Complaint..

14. Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "14" of the Amended Complaint.

15. Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "15" of the Amended Complaint

16. Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "16" of the Amended Complaint

## AS TO THE FACTS

17. Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations within Paragraph "17" of the Amended Complaint and refer all questions of law to the Honorable Court.

18. Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations within Paragraph "18" of the Amended Complaint.

19. Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations within Paragraph “19” of the Amended Complaint.

20. Denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations within Paragraph “20” of the Amended Complaint.

21. Denies each and every allegation contained within Paragraph “21” of the Amended Complaint.

22. Denies each and every allegation within Paragraph “22” of the Amended Complaint with respect to the answering defendant but denies possessing knowledge or information as to whether Purity sold Reynolds Wrap aluminum foil to retail stores.

23. Denies possessing knowledge or information sufficient to form a belief as to the truth of each and every allegation within Paragraph “23” of the Amended Complaint.

24. Denies each and every allegation contained in Paragraph “24” of the Amended Complaint as they pertain to the answering defendant and as to the other defendants, denies having knowledge or information sufficient to form a belief as to the truth of each and every allegation contained within Paragraph designated “24” of the Amended Complaint.

25. Denies each and every allegation contained in Paragraph “25” of the Amended Complaint as they pertain to the answering defendant and as to the other defendants, denies having knowledge or information sufficient to form a belief as to the truth of each and every allegation contained within paragraph designated “25” of the Amended Complaint.

**AS TO THE FIRST CAUSE OF ACTION**

26. In response to Paragraph 26, the answering defendant repeats, reiterates and realleges each and every response to the allegations set forth in Paragraphs "1" through “25”

(sic) of the Amended Complaint with the same force and effect as if fully set forth at length herein.

27. Denies each and every allegation contained in Paragraph "27" of the Amended Complaint as to the answering defendant, and as to the other defendants, denies possessing knowledge or information sufficient to form a belief as to the truth of the remaining allegations within Paragraph "27" of the Amended Complaint.

## AS TO THE SECOND CAUSE OF ACTION

28. The answering defendant repeats, reiterates and realleges Paragraphs "1" through "27" (sic) of this Answer as they pertain to Paragraph "26" of the Amended Complaint with the same force and effect as if fully set forth at length here.

29. Denies each and every allegation contained in Paragraph "29" of the Amended Complaint as to the answering defendant.

## AS TO THE THIRD CAUSE OF ACTION

30. The answering defendant repeats, reiterates and realleges Paragraphs "1" through "29" (sic) of this Answer as they pertain to Paragraph "30" of the Amended Complaint with the same force and effect as if fully set forth at length here.

31. Denies each and every allegation contained in Paragraph "31" of the Amended Complaint as to the answering Defendant and refers all questions of law to the Honorable Court.

## AS TO THE FOURTH CAUSE OF ACTION

32. The answering defendant repeats, reiterates and realleges Paragraphs "1" through "31" (sic) of this Answer as they pertain to Paragraph "32" of the Amended Complaint with the same force and effect as if fully set forth at length here.

33. Denies each and every allegation contained in Paragraph "33" of the Amended Complaint as to the answering Defendant and refers all questions of law to the Honorable Court.

**AS TO THE FIFTH CAUSE OF ACTION**

34. The answering Defendant repeats, reiterates and realleges Paragraphs "1" through "33" (sic) of this Answer as they pertain to Paragraph "34" of the Amended Complaint with the same force and effect as if fully set forth at length here.

35. Denies each and every allegation contained in Paragraph "35" of the Amended Complaint and refers all questions of law to the Honorable Court for determination.

36. Denies each and every allegation contained in Paragraph "36" of the Amended Complaint as to the answering defendant.

37. Denies each and every allegation contained in Paragraph "37" of the Amended Complaint as to the answering defendant.

**AS TO THE SIXTH CAUSE OF ACTION**

38. The answering defendant repeats, reiterates and realleges Paragraphs "1" through "37" (sic) of this Answer as they pertain to Paragraph "38" of the Amended Complaint with the same force and effect as if fully set forth at length here.

39. Denies possessing knowledge or information as to the truth of the allegations contained within Paragraph "39" of the Amended Complaint and refers all questions of law to the Honorable Court for determination.

40. Denies each and every allegation contained within Paragraph "40" of the Amended Complaint as to the answering defendant.

**AS TO THE SEVENTH CAUSE OF ACTION**

41. The answering defendant repeats, reiterates and realleges Paragraphs "1" through "40" (sic) of this Answer as they pertain to Paragraph "41" of the Amended Complaint with the same force and effect as if fully set forth at length here.

42. Denies each and every allegation contained in Paragraph "42" of the Amended Complaint as to the answering defendant.

**AS TO THE EIGHTH CAUSE OF ACTION**

43. The answering defendant repeats, reiterates and realleges Paragraphs "1" through "42" (sic) of this Answer as they pertain to Paragraph "43" of the Amended Complaint with the same force and effect as if fully set forth at length here.

44. Denies each and every allegation contained in Paragraph "44" of the Amended Complaint as to the answering defendant refers all questions of law to the Honorable Court for determination.

**AS TO THE NINTH CAUSE OF ACTION**

45. The answering defendant repeats, reiterates and realleges Paragraphs "1" through "44" (sic) of this Answer as they pertain to Paragraph "45" of the Amended Complaint with the same force and effect as if fully set forth at length here.

46. Denies each and every allegation contained in Paragraph "46" of the Amended Complaint as to the answering defendant and refers all questions of law to the Honorable Court for determination.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

47. The answering defendant at all times acted in good faith pursuant to a fair basis and belief that the aluminum foil allegedly bearing the plaintiff's trademarks was genuine and not counterfeit.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

48. To the extent plaintiff claims its trademarks extend to the degree alleged within the Amended Complaint, upon information and belief such trademarks are invalid or have been waived through lack of protection.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

49. To the extent plaintiff claims its trademarks extend to the degree alleged within the Amended Complaint, upon information and belief such exercise of these trademarks in the manner alleged violate provisions of the antitrust and unfair competition laws and, thus, are unenforceable.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

50. To the extent plaintiff sustained damages, same were caused, in whole or in part, by the negligence or other culpable conduct of third parties over which the answering defendant had no control or right to exercise such control.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

51. Upon information and belief, plaintiff failed to take reasonable measures to mitigate, obviate, diminish or otherwise act to lessen or reduce the injuries and damages alleged in the Amended Complaint.

52. The Verified Amended Complaint fails to state a cause of action upon which relief may be granted.

**AS AND FOR A CROSS-CLAIM AGAINST DEFENDANT GARY GRUENBERG**

53. That Cross-Claimant, DR. STAHL, DR. STAHL is an officer and employee of APO, and owns less than one-third of the issued and outstanding stock of APO's publicly-traded parent company.

54. Upon information and belief, Cross-Defendant, Gary Gruenberg, is an individual residing in the State of Florida.

55. That APO Health, Inc., a New York corporation, is in the business of brokering transactions involving legitimate consumer products.

56. Upon information and belief, Defendant, Greunberg, is in the business of buying, selling, marketing, trading, and otherwise dealing in consumer goods.

57. That by reason of the commencement of this action, plaintiffs, in their Amended Complaint, have asserted claims against DR. STAHL under the Lanham Act for trademark counterfeiting, trademark infringement, false designation of origin, false advertising and trademark dilution, under the common law for trademark infringement and unfair competition and under New York's Business Law for injury to plaintiffs' business reputation and/or trademark dilution and deceptive acts and practices arising from its purchase, sale and distribution of the aforementioned foil that DR. STAHL purchased, on behalf of APO, from, was offered to purchase by, was induced by, and/or was arranged by Greunberg and/or his associates/affiliates or related entities.

58. That in connection herewith, plaintiffs seek monetary damages from DR. STAHL, as well as reasonable attorney fees, costs and disbursements.

59. That Gruenberg was negligent, careless or reckless in his statements to and conduct with APO and DR. STAHL, and as such, is responsible for any damages sustained by APO and DR. STAHL, including any damages and costs awarded to the plaintiffs.

60. Upon information and belief, Gruenberg knowingly and/or intentionally induced APO and DR. STAHL to make certain purchases when he knew or should have known that they would subject APO and DR. STAHL to potential liability.

61. While DR. STAHL denies such claims, DR. STAHL is entitled to indemnification from Gruenberg based upon Gruenberg's breach of the contract, breach of implied warranty of merchantability and fitness for use, breach of express warranty of title and against infringement under the Uniform Commercial Code and under the common law.

62. The right of indemnification includes any and all damages, as well as reasonable attorney fees, costs and disbursements which may be awarded.

**AS AND FOR A CROSS-CLAIM AGAINST DEFENDANT ATM, INC.**

63. Upon information and belief, Cross-Defendant, ATM, Inc. ("ATM") is a registered Panamanian corporation with a place of business in Panama City.

64. Upon information and belief, Defendant, ATM, is in the business of buying, selling, marketing, trading, and otherwise dealing in consumer goods.

65. That by reason of the commencement of this action, plaintiffs, in their Amended Complaint, have asserted claims against DR. STAHL under the Lanham Act for trademark

counterfeiting, trademark infringement, false designation of origin, false advertising and trademark dilution, under the common law for trademark infringement and unfair competition and under New York's Business Law for injury to plaintiffs' business reputation and/or trademark dilution and deceptive acts and practices arising from its purchase, sale and distribution of the aforementioned foil that DR. STAHL purchased, on behalf of APO, from, was offered to purchase by, was induced by, and/or was arranged by Greunberg and/or his associates/affiliates or related entities.

66. That in connection herewith, plaintiffs seek monetary damages from DR. STAHL, as well as reasonable attorney fees, costs and disbursements.

67. While DR. STAHL denies such claims, DR. STAHL is entitled to indemnification from ATM based upon ATM's breach of the contract, breach of implied warranty of merchantability and fitness for use, breach of express warranty of title and against infringement under the Uniform Commercial Code and under the common law.

68. The right of indemnification includes any and all damages, as well as plaintiffs' reasonable attorney fees, costs and disbursements which may be awarded.

**AS AND FOR A CROSS-CLAIM AGAINST DEFENDANT LATIN IMPORT SRL, S.A.**

69. Upon information and belief, Latin Import SRL, S.A. (Latin Import), is a registered Panamanian corporation with a place of business in Panama City.

70. Upon information and belief, Defendant, Latin Import, is in the business of buying, selling, marketing, trading, and otherwise dealing in consumer goods.

71. That by reason of the commencement of this action, plaintiffs, in their Amended Complaint, have asserted claims against DR. STAHL under the Lanham Act for trademark

counterfeiting, trademark infringement, false designation of origin, false advertising and trademark dilution, under the common law for trademark infringement and unfair competition and under New York's Business Law for injury to plaintiffs' business reputation and/or trademark dilution and deceptive acts and practices arising from its purchase, sale and distribution of the aforementioned foil that DR. STAHL, purchased, on behalf of APO, from, was offered to purchase by, was induced by, and/or was arranged by Greunberg and/or his associates/affiliates or related entities.

72. That in connection herewith, plaintiffs seek monetary damages from DR. STAHL as well as reasonable attorney fees, costs and disbursements.

73. While DR. STAHL denies such claims, DR. STAHL is entitled to indemnification from Latin Import based upon Latin Import's breach of the contract, breach of implied warranty of merchantability and fitness for use, breach of express warranty of title and against infringement under the Uniform Commercial Code and under the common law.

74. The right of indemnification includes any and all damages, as well as plaintiffs' reasonable attorney fees, costs and disbursements which may be awarded.

**AS AND FOR A CROSS-CLAIM AGAINST**
**DEFENDANT AMG WORDLWIDE, INC.**

75. Upon information and belief, Cross-Defendant, AMG Worldwide, Inc. (AMG), exists by virtue of the laws of the State of Florida, and maintains its principal place of business in Aventura, Florida.

76. Upon information and belief, Defendant, AMG, is in the business of buying, selling, marketing, trading, and otherwise dealing in consumer goods.

77. That by reason of the commencement of this action, Plaintiffs, in their Amended Complaint, have asserted claims against DR. STAHL under the Lanham Act for trademark counterfeiting, trademark infringement, false designation of origin, false advertising and trademark dilution, under the common law for trademark infringement and unfair competition and under New York's Business Law for injury to plaintiffs' business reputation and/or trademark dilution and deceptive acts and practices arising from its purchase, sale and distribution of the aforementioned foil that DR. STAHL purchased, on behalf of APO, from, was offered to purchase by, was induced by, and/or was arranged by Greunberg and/or his associates/affiliates or related entities.

78. That in connection herewith, plaintiffs seek monetary damages from DR. STAHL as well as reasonable attorney fees, costs and disbursements.

79. While DR. STAHL denies such claims, DR. STAHL is entitled to indemnification from AMG based upon AMG's breach of the contract, breach of implied warranty of merchantability and fitness for use, breach of express warranty of title and against infringement under the Uniform Commercial Code and under the common law.

80. The right of indemnification includes any and all damages, as well as plaintiffs' reasonable attorney fees, costs and disbursements which may be awarded.

**WHEREFORE**, the answering defendant demands judgment dismissing the Amended Complaint and each and every cause of action alleged therein, and on DR. STAHL'S Cross-Claims, damages against Gruenberg, Latin Imports, ATM and/or AMG in an amount equal to whatever monies DR. STAHL may have to pay plaintiffs by reason of plaintiffs' claims against DR. STAHL and for such other, further and different relief as to this Court may seem just and proper, including costs and attorney's fees.

Dated: White Plains, New York
May 16, 2006

Yours, etc.

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: [signature]

Thomas A. Leghorn (TAL 6244)
Adam R. Bialek (AB 6268)
Laura M. Feigenbaum (LF 2998)
Attorneys for Defendants
APO HEALTH, INC., a New York
Corporation and DR. JAN STAHL
3 Gannett Drive
White Plains, New York 10604-3407
(914) 323-7000
File No. 08635.00001

To: Geoffrey Potter
Yehudis Lewis
KRAMER LEVIN NAFTALIS
& FRANKEL LLP
Attorneys for Plaintiffs
1177 Third Avenue
New York, New York 10036
(212) 715-9100

Mark N. Mutterperl
Nathan T. Alexander
FULBRIGHT & JAWORSKI L.L.P.
Attorneys for Plaintiffs
666 Fifth Avenue
New York, New York 10103

Michael R. Miller
Attorney for Defendants Gruenberg and AMG
801 Northeast 158th Street
Second Floor
North Miami Beach, FL 33162

Sam P. Israel
SAM P. ISRAEL, P.C.
Attorney for Defendant Herman Donnenfeld
One Liberty Plaza, Suite 2330
New York, New York 10006

Stanley Goodman
GOODMAN & SAPERSTEIN
Attorney for Defendants Trans Customs Services and Purity
600 Old Country Road
Garden City, New York 11530