KRAMER LEVIN NAFTALIS & FRANKEL LLP

GEOFFREY POTTER
COUNSEL
PHONE 212-715-9402
FAX 212-715-8402
GPOTTER@KRAMERLEVIN.COM

October 23, 2008

BY ELECTRONIC FILING

Honorable William D. Wall
United States Magistrate Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722-9014

Re: *Alcoa, Inc., et al. v. ATM, Inc., et al*; 2:04 CV 5225 (DRH) (WDW)

Dear Magistrate Wall:

As counsel for plaintiffs in the above-referenced matter, we write concerning defendant *pro se* Gary Gruenberg's purported Motion to Assess Costs and Attorney's Fees Against Plaintiff Alcoa, Inc. and Reynolds Metals Company, which was filed with the Court on October 16, 2008.[1]

Plaintiffs object to Mr. Gruenberg's filing of the motion – and will strongly oppose the motion, if it is even considered by the Court – on a number of different grounds. As a threshold matter, the motion is defective because it was filed after the case had already been closed. Plaintiffs' claims against Mr. Gruenberg were dismissed on October 10, 2008, upon plaintiffs' motion for voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(2) – a motion that Mr. Gruenberg did not oppose – and pursuant to Judge Hurley's direction the case was closed by the Clerk of the Court on October 14, 2008. Mr. Gruenberg also failed to request a pre-motion conference pursuant to Judge Hurley's Individual Practice Rules, which clearly require that leave of court be obtained before such a motion is filed.

[1] Mr. Gruenberg has annexed to his motion papers a Certificate of Service indicating that he served Kramer Levin by mail on October 10, 2008, but we never received a service copy of the motion and instead first learned of it shortly after Mr. Gruenberg's papers were filed on October 16, 2008. We note that Mr. Gruenberg's Certificate of Service indicates that the papers were mailed to Kramer Levin's former address, a location that the firm has not occupied since 2005.

As to the merits, the motion is entirely baseless. Most obviously, Mr. Gruenberg is not entitled to attorney's fees because he is proceeding *pro se*. "It is well settled that *pro se* litigants are not entitled to attorney's fees." *Coyle v. Coyle*, 334 F. Supp. 2d 284, 288 (E.D.N.Y. 2004) (citing *Kay v. Ehrler*, 499 U.S. 432, 435 (1991), *vacated in part on other grounds*, 2004 WL 2370685 (Sept. 30, 2004); *see also Barash v. Ford Motor Corp.*, 2007 WL 1791656, at *5 n. 11 (E.D.N.Y. June 20, 2007) ("Although plaintiff requests attorney's fees, as a *pro se* plaintiff, he is not entitled to such fees as a matter of law"). Mr. Gruenberg claims to have "obligated himself to pay attorney's fees" totaling $63,150 to Michael R. Miller of North Miami Beach, Florida, whose unpaid bills are annexed to Mr. Gruenberg's motion (without an affidavit or declaration from Mr. Miller), but Mr. Miller has never entered an appearance in this matter and does not even maintain an office in the State of New York. To the extent that Mr. Miller has been providing substantial legal assistance to Mr. Gruenberg and ghost-writing Mr. Gruenberg's submissions without entering an appearance in the case, those practices have been roundly condemned by the courts and should not be rewarded with an award of attorneys' fees. *See Duran v. Carris*, 238 F.3d 1268, 1271-72 (10th Cir. 2001) (attorney's "actions in providing substantial legal assistance to [plaintiff] without entering an appearance in this case not only affords [plaintiff] the benefit of this court's liberal construction of *pro se* pleadings, but also inappropriately shields [the attorney] from responsibility and accountability for his actions [as] counsel"); *see also id.* at 1272-73 (holding that such conduct "constitutes a misrepresentation to this court by litigant and attorney," and citing cases from numerous jurisdictions finding that such practices constitute sanctionable violations of court and ethical rules).[2] Yet another invoice that is annexed to Mr. Gruenberg's motion papers, from the firm of Gottlieb, Rackman & Reisman, indicates on its face that it is for services rendered in October 2004 – *before this case was even commenced* – and in connection with a different case involving a different plaintiff.

---

[2] Mr. Gruenberg asserts in his motion that Mr. Miller assisted him "with the knowledge, consent and stipulation of counsel for Alcoa." (Gruenberg Motion ¶ 7.) To the contrary, plaintiffs never stipulated to Mr. Miller's "informal representation" and in fact *requested* that Mr. Miller enter an appearance in the case, which he refused to do. (*Id.* Ex. A, Miller Invoice dated July 31, 2008.) In any event, it is not within plaintiffs' power to waive the disciplinary rules prohibiting the sort of "stealth" representation that was apparently provided by Mr. Miller. The fact that plaintiffs' counsel proceeded with Mr. Gruenberg's deposition in Florida despite Mr. Miller's presence does not change the fact that Mr. Gruenberg has proceeded *pro se* before the Court and therefore enjoyed the benefit of lenient treatment without ever divulging to the Court that, according to Mr. Gruenberg and to Miller's invoices, Mr. Miller was substantially involved in all aspects of the case. Moreover, while Mr. Miller's August 8, 2008 invoice lists "attendance at mediation conferences" among the services he supposedly rendered, in fact, there was no mediation in this case and no other settlement conference before the Court that was attended by Mr. Miller.

Even more absurd is Mr. Gruenberg's request for $46,875 to compensate him *for his own time* spent (as a non-attorney) in defending this lawsuit.

Finally, Mr. Gruenberg would not be entitled to attorney's fees or costs even if he were not proceeding *pro se*. As the Court is well aware, under the American Rule, absent statutory authorization or an established contrary exception, each party bears its own attorney's fees. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 247 (1975). While attorney's fees are occasionally awarded in connection with a voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(2), "[c]ourts within this circuit have refused to award fees and costs following a Rule 41(a)(2) dismissal absent circumstances evincing bad faith or vexatiousness on the part of the plaintiff." *Doe v. DeBuono*, 193 F.R.D. 117, 125 (S.D.N.Y. 2000); *see also Icon Licensing Group, LLC v. Innovo Asteca Apparel, Inc.*, No. 04-CV-7888, 2005 WL 992001 (S.D.N.Y. Apr. 27, 2005) (same). Mr. Gruenberg has not provided, and cannot possibly provide, any evidence of such conduct on the part of plaintiffs. He asserts that plaintiffs "have refused to come forward with evidence and try the matter and in fact have voluntarily dismissed the case" (Gruenberg Motion ¶ 8), but the mere fact of a voluntary dismissal does not by any means suggest that plaintiffs have proceeded in bad faith. To the contrary, plaintiffs filed a well-founded complaint against Mr. Gruenberg and others, engaged in discovery, settled with certain of the defendants and obtained default judgments against others, and ultimately concluded that Mr. Gruenberg did not have assets sufficient to satisfy a judgment nor did he appear to have any plans to engage in further trading of counterfeit aluminum foil. Mr. Gruenberg's argument – that plaintiffs must either pay him legal fees or force him to go to trial where plaintiffs will prove the case against him, even though he has repeatedly represented that he has no money and will not engage in any more counterfeiting – runs contrary to the law and also to the public interest.

* * *

In conclusion, Mr. Gruenberg's motion should be rejected out of hand given that it was filed after the case was closed and that Mr. Gruenberg failed to request a pre-motion conference as required by Judge Hurley's rules. As a substantive matter, the motion should also be rejected because there is no conceivable basis for a claim of attorney's fees, given Mr. Gruenberg's *pro se* status and the absence of any evidence of bad faith or vexatious conduct by plaintiffs. In the event that the Court is inclined to consider the motion, we respectfully request (1) that a pre-motion conference be scheduled for the purpose of setting a briefing schedule, and (2) that Mr. Gruenberg be directed to supplement his application with detailed time records from Mr. Miller as well as a supporting affidavit from Mr. Miller, attesting to the accuracy of his time records and invoices and that all of the work he performed was for this case and not the related case of *The Procter & Gamble Company v. Xetal, Inc.*, No. 04 Civ. 2820 (which is still pending), and explaining why he should be compensated rather than sanctioned for providing representation to Mr. Gruenberg without making an appearance or disclosing his participation to the Court. Finally, in the unlikely event that the Court is actually inclined to make an award of fees – a scenario that was never contemplated by plaintiffs in requesting a voluntary dismissal,

given Mr. Gruenberg's failure to make any such request at the time – plaintiffs will respectfully seek to withdraw their motion for dismissal and to reinstate their claims against Mr. Gruenberg and proceed to trial.

Thank you for your consideration.

Respectfully yours,

Geoffrey Potter /ST

Geoffrey Potter

cc: Gary Gruenberg (by Federal Express)