**Gary Gruenberg**
**1000 W. Island Blvd. # 1009**
**Aventura, FL 33160**

RECEIVED
IN CHAMBERS OF
HON. WILLIAM D. WALL
★ NOV 03 2008 ★
TIME A.M. ..........................
P.M. ..........................

31 October 2008

Magistrate William D. Wall
United States District Court
Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

Re: Alcoa Inc., et al. v. ATM, Inc., et al.
Case No.: CV 04 5225/USDC Eastern District of New York

Dear Magistrate Wall:

This will confirm my telephone conversation with your office wherein you kindly allowed me the courtesy of filing a short response to Mr. Potter's letter of October 23, 2008 concerning the Motion to Assess Costs and Fees.

I have requested that Michael R. Miller, Esq. respond on my behalf so as to keep the matter brief and to keep the issues narrow. His letter, addressed to Your Honor is enclosed along with exhibits, and is self-explanatory.

Please accept my thanks for your cooperation and understanding.

Very truly yours,

Gary Gruenberg

Enclosures

cc: Clerk of the Court (via Federal Express)
Geoffrey Potter, Esq. (via Federal Express)

MICHAEL R. MILLER
ATTORNEY AND COUNSELLOR AT LAW
SECOND FLOOR
801 NORTHEAST 167TH STREET
NORTH MIAMI BEACH, FL 33162

MICHAEL R. MILLER
MEMBER NEW YORK
LOUISIANA & FLORIDA BAR

TELEPHONE: 305-792-9000
FACSIMILE: (305) 455-2050
e-mail: Miller@Millerlaw.net
www.millerlaw.net

31 October 2008

Magistrate William D. Wall
United States District Court
Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

Re: Alcoa Inc., et al. v. ATM, Inc., et al.
Case No.: CV 04 5225/USDC Eastern District of New York

Dear Magistrate Wall:

I am writing the Court at the request of Gary Gruenberg who was the sole remaining individual Defendant in the above captioned matter prior to Plaintiff's taking the Voluntary Dismissal pursuant to F.R.C.P. Rule 41.

As the Court is aware, this matter was almost clandestinely dismissed over the Yom Kippur and Columbus Day Holiday. Apparently Judge Hurley noticed the manner of the dismissal by electronic filing and notification to Mr. Gruenberg by regular U.S. Mail. The Judge, upon receiving the Motion to Assess Costs reopened the case by referring the matter to the Magistrate's office for your consideration. I am taking a moment to give some background and address briefly some of the issues raised in Mr. Potter's letter to the Court of October 23, 2008.

I came to know Gary Gruenberg primarily because he has his morning coffee at the same local Starbucks where I stop for my own coffee on the way to the office. I know Gary and his wife to be local neighbors with twin children, a mortgage, car payments, tuition payments and a cat. One day Mr. and Mrs. Gruenberg, in tears, approached the undersigned asking for help. They had found themselves to be named Defendants as individuals in two Federal cases, both the above captioned and the Proctor & Gamble litigation (Case No.: 2:04-cv-02820.) Their apartment had just been raided by local police and Federal Marshalls in an effort to seize their computer pursuant to a civil seizure order supported by nothing except a self serving Affidavit executed by Mr. Potter, counsel for the Plaintiff.

It was explained to me that the Gruenbergs were unable to defend themselves and without funds to keep paying to local New York counsel they had originally hired. Their depositions had been noticed and my assistance in defending the matter was requested. I explained to them that while I believe myself to be a capable lawyer, that I am a sole practitioner and far from an expert in Federal practice and had little knowledge of the issues raised in the litigations. However, out of pity and wanting to do something to help I explained that I would assist behind the scenes and give the best advice I could, *if my assistance was agreed to by Plaintiff's counsel.*

I attended both Gary and Sylvie's deposition on January 20 and 21, 2005 and put on the record my agreement made with opposing counsel stipulating to my limited appearance and representation. The Gruenbergs could not afford a copy of their own depositions so I will have to ask that Plaintiff's counsel produce the stipulation which is at the very beginning of the testimony. My participation was actually welcomed by opposing counsel as it made their job easier as far as explaining procedure to pro se litigants and gave them a manner to serve documents on the individual Defendants.

The above events took place almost *four years ago* and these litigations have involved more time, effort and work than I ever could have anticipated at their initial stages. As outlined in Mr. Gruenberg's Motion a strategy for his defense was formulated and thousands of pages of documents have passed through my office over the years. I am enclosing two very recent emails which took place after the last status conference where the possibility of amicably resolving the matter had been discussed amongst the parties. As the Court will see that the subject of fees came up in the emails as the taking of a voluntary dismissal was an outcome that was anticipated during settlement negotiations. Once stipulated, an estoppel should prevent Plaintiffs from complaining or whining about participation when the subject of paying the bill is submitted.

I find it curious that at this juncture that Plaintiffs now object to my presence once they decided to dismiss the case and were subject to having fees assessed. The record reflects that in the Proctor & Gamble litigation, Plaintiffs submitted approximately *seven million ($7,000,000.00) dollars* in fees. Unfortunately the record does not reflect in the Alcoa litigation the amount Plaintiffs billed but, most certainly, my statements can only represent a small fraction of the amount expended by Alcoa on the litigation that they themselves dismissed.

While it is only my opinion, this entire matter initiated by Plaintiff's counsel had been a waste of enormous resources including the resources of the Court. As things now stand, Plaintiffs will be allowed to walk away saying, "never mind," without any exposure or consideration to what has been done to the individual Plaintiffs. No amount of money will make up for the grief, aggravation and strain upon the marriage that being sued by two Fortune 500 companies can bring.

The Proctor & Gamble litigation remains open and plaintiff's counsel apparently feels that the Gruenbergs have enough assets to remain a Defendant in that litigation but not in this one. Failure to assess any penalty gives Plaintiffs only the upside, as they can only win or walk away.

Language, such as Mr. Potter has used, such as stating that Mr. Gruenberg "will not engage in any more counterfeiting" and that the undersigned "does not even maintain an office in the State of New York" is engaging of legal spin that demonstrates the least becoming aspects of the profession.

Finally, I am well aware that I may go uncompensated for the work accomplished and the favorable result attained. I am sure that Your Honor will agree that under the circumstances, I did the right thing, and gave legal assistance when requested to those that would have gone unrepresented had I acted otherwise, with the Judgment against Mr. Donnenfeld serving as a perfect example of what probably would have been the result of no representation. Mr. Gruenberg will also have to go without his time and effort being compensated should no award be made as is reflected in the invoices for his own work that he attached to the Motion. Rule 41 allows the Court to dismiss the matter on whatever terms it deems "proper." Respectfully, the assessment of fees would be proper.

The dollar amount of my fees as something that I negotiated a flat rate with Mr. Gruenberg who wanted to know, understandably, the amount he was obligating himself to pay even though both he and I knew at the time that he would be unable to pay at any point in the near future. Therefore, hourly time records were not kept as corporate monies were not at stake.

I thank the Court for its time, courtesy and consideration throughout.

Very truly yours,

Michael R. Miller
Senior Counsel

MRM:rkl

Enclosures

**Michael R. Miller**

**From:** "Michael R. Miller" <miller@millerlaw.net>
**To:** "Mutterperl, Mark" <mmutterperl@fulbright.com>
**Sent:** Friday, September 05, 2008 6:31 PM
**Subject:** Re: alcoa

I spoke with Jeff Potter yesterday afternoon. . . .I am sure that he will fill you in. Should he be unavailable, just let me know and we can discuss over the weekend or on Monday should the latest storm decide not to close business down here. Best regards.

MRM
----- Original Message -----
From: "Mutterperl, Mark" <mmutterperl@fulbright.com>
To: "Michael R. Miller" <miller@millerlaw.net>
Cc: "Potter, Geoffrey" <GPotter@KRAMERLEVIN.com>
Sent: Friday, September 05, 2008 3:53 PM
Subject: RE: alcoa

Michael, we havent heard from you. Did you speak to gary?

Mark N. Mutterperl
Fulbright & Jaworski LLP
666 Fifth Avenue
New York, New York 10103
phone: 212-318-3183
facsimile: 212-318-3400
email: mmutterperl@fulbright.com

-----Original Message-----
From: Michael R. Miller [mailto:miller@millerlaw.net]
Sent: Monday, August 11, 2008 4:49 AM
To: Mutterperl, Mark
Subject: Re: alcoa

Your Email has been received and its content reviewed. Please note the following:

1. I have agreed to represent the Defendant in this limited manner in an effort to assist Gary and the Court in resolving these matters as he is facing alone two of the largest consumer products corporations in the world and two prestigious and powerful lawfirms with unlimited funds at their disposal. My limited representation in these settlement negotiations is to be considered privileged and cannot be used against the defendant as evidence that he has the assistance of trial counsel and that he remains pro se for purposes of the litigations. While Mr.

Greunberg is being charged for my representation, the fees are not affordable to him, and I do not expect renumeration from him anytime in the near future, although he will remain responsible for payment.

2. I am willing to attempt to resolve both pending litigations on the Defendant's behalf, in good faith, on the basis of status quo ante, taking into account the progress of the litigations and sufficiency of the evidence from both the legal and practical points of view. With this in mind, your settlement proposal must be respectfully declined.

3. I ask that you review the record of both pending litigations and the Rules governing pro se litigants and make certain that the Defendant has been served with all Orders of the Court that pertain to him and that there have been no oversights in this regard. Until otherwise advised you may use my office and other contact information for purposes of service or continue to serve Mr. Gruenberg directly via mail.

I look forward to both your and Mr. Potter's good faith proposals aimed at amicably disposing of both pending matters.

Michael R. Miller, Esq.
801 N.E. 167th Street - Second Floor
N. Miami Beach, Florida 33162
305-792-9000
Miller@Millerlaw.net

----- Original Message -----
From: "Mutterperl, Mark" <mmutterperl@fulbright.com>
To: <miller@millerlaw.net>
Cc: "FragranceZone" <fragrancezone@earthlink.net>; "Potter, Geoffrey" <GPotter@KRAMERLEVIN.com>
Sent: Thursday, August 07, 2008 2:19 PM
Subject: FW: alcoa

Michael, at Gary's request, I enclose the document we propose for settling the Alcoa case.

Please call me to discuss.

Thank you.

Mark N. Mutterperl
Fulbright & Jaworski LLP
666 Fifth Avenue
New York, New York 10103
phone: 212-318-3183
facsimile: 212-318-3400
email: mmutterperl@fulbright.com

> ______________________________________________
> From: Mutterperl, Mark
> Sent: Thursday, August 07, 2008 12:05 PM
> To: 'FragranceZone'
> Cc: 'Potter, Geoffrey'
> Subject: alcoa
>
> Gary, enclosed is a revised document which states that you deny
> liability and would enjoin you from knowingly manufacturing, selling,
> offering to sell, advertising and distributing counterfeit Reynolds
> Wrap Aluminum Foil.
>
> Please call me.
>
> Thank you.
>
> Mark N. Mutterperl
> Fulbright & Jaworski LLP
> 666 Fifth Avenue
> New York, New York 10103
> phone: 212-318-3183
> facsimile: 212-318-3400
> email: mmutterperl@fulbright.com
>
>
> ______________________________________________
>
> <<0580_001.pdf>>

No virus found in this incoming message.
Checked by AVG - http://www.avg.com
Version: 8.0.138 / Virus Database: 270.5.12/1597 - Release Date:
8/7/2008
5:54 AM

--------------------------------------------------------------------------------

No virus found in this incoming message.
Checked by AVG - http://www.avg.com
Version: 8.0.169 / Virus Database: 270.6.16/1654 - Release Date: 9/5/2008
1:24 PM

## Michael R. Miller

**From:** "Michael R. Miller" <miller@millerlaw.net>
**To:** "Mutterperl, Mark" <mmutterperl@fulbright.com>
**Sent:** Monday, August 11, 2008 4:48 AM
**Subject:** Re: alcoa

Your Email has been received and its content reviewed. Please note the following:

1. I have agreed to represent the Defendant in this limited manner in an effort to assist Gary and the Court in resolving these matters as he is facing alone two of the largest consumer products corporations in the world and two prestigious and powerful lawfirms with unlimited funds at their disposal. My limited representation in these settlement negotiations is to be considered privileged and cannot be used against the defendant as evidence that he has the assistance of trial counsel and that he remains pro se for purposes of the litigations. While Mr. Greunberg is being charged for my representation, the fees are not affordable to him, and I do not expect renumeration from him anytime in the near future, although he will remain responsible for payment.

2. I am willing to attempt to resolve both pending litigations on the Defendant's behalf, in good faith, on the basis of status quo ante, taking into account the progress of the litigations and sufficiency of the evidence from both the legal and practical points of view. With this in mind, your settlement proposal must be respectfully declined.

3. I ask that you review the record of both pending litigations and the Rules governing pro se litigants and make certain that the Defendant has been served with all Orders of the Court that pertain to him and that there have been no oversights in this regard. Until otherwise advised you may use my office and other contact information for purposes of service or continue to serve Mr. Gruenberg directly via mail.

I look forward to both your and Mr. Potter's good faith proposals aimed at amicably disposing of both pending matters.

Michael R. Miller, Esq.
801 N.E. 167th Street - Second Floor
N. Miami Beach, Florida 33162
305-792-9000
Miller@Millerlaw.net

----- Original Message -----
From: "Mutterperl, Mark" <mmutterperl@fulbright.com>
To: <miller@millerlaw.net>
Cc: "FragranceZone" <fragrancezone@earthlink.net>; "Potter, Geoffrey" <GPotter@KRAMERLEVIN.com>

Sent: Thursday, August 07, 2008 2:19 PM
Subject: FW: alcoa

Michael, at Gary's request, I enclose the document we propose for settling the Alcoa case.

Please call me to discuss.

Thank you.

Mark N. Mutterperl
Fulbright & Jaworski LLP
666 Fifth Avenue
New York, New York 10103
phone: 212-318-3183
facsimile: 212-318-3400
email: mmutterperl@fulbright.com

> ______________________________________________
> From: Mutterperl, Mark
> Sent: Thursday, August 07, 2008 12:05 PM
> To: 'FragranceZone'
> Cc: 'Potter, Geoffrey'
> Subject: alcoa
>
> Gary, enclosed is a revised document which states that you deny
> liability and would enjoin you from knowingly manufacturing, selling,
> offering to sell, advertising and distributing counterfeit Reynolds
> Wrap Aluminum Foil.
>
> Please call me.
>
> Thank you.
>
> Mark N. Mutterperl
> Fulbright & Jaworski LLP
> 666 Fifth Avenue
> New York, New York 10103
> phone: 212-318-3183
> facsimile: 212-318-3400
> email: mmutterperl@fulbright.com
>
>
> ______________________________________________
>
> <<0580_001.pdf>>

No virus found in this incoming message.

Checked by AVG - http://www.avg.com
Version: 8.0.138 / Virus Database: 270.5.12/1597 - Release Date: 8/7/2008
5:54 AM