UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ALCOA, INC. and REYNOLDS METALS COMPANY,

          Plaintiff(s),    **ORDER**
                     CV04-5225 (DRH)(WDW)
  -against-

ATM, INC, et al.
          Defendant(s).
----------------------------------------------------------------X

**WALL, Magistrate Judge:**

  Before the court on referral[1] from District Judge Hurley is an application by the pro se defendant, Gary Gruenberg, for an award of attorney's fees. DE[91]. The plaintiffs oppose the motion on various grounds. DE[92]. The motion is denied for the reasons set forth herein.

  The court first addresses the plaintiff's arguments that the motion was improperly filed because the case is closed and because Judge Hurley's Individual Rules regarding motions were not followed. The court finds no merit in those grounds for denial, and moves on to the more substantive reasons that the motion must be denied.

  Mr. Gruenberg has appeared pro se throughout the course of this litigation, and has been afforded the allowances made for pro se litigants who, the court assumes, do not have the benefit of legal advice or experience. At no time has an attorney filed a Notice of Appearance on Mr. Gruenberg's behalf. Thus, his application for attorney's fees is unusual, to say the least. As the plaintiff quite accurately points out, "It is well settled that pro se litigants are not entitled to attorneys' fees." DE[92] at 2, (citing *Coyle v. Coyle,* 334 F. Supp. 2d 284, 288 (E.D.N.Y. 2004);

---

[1] Because this motion is not dispositive, an order, rather than a report and recommendation, is appropriate. The movant can appeal the order within ten days of service pursuant to Federal Rule of Civil Procedure 72 (a) if he so chooses.

*Barash v. Ford Motor Corp.,* 2007 WL 1791656 at *5 n.11 (E.D.N.Y. June 20, 2007) ("Although plaintiff requests attorney's fees, as a pro se plaintiff, he is not entitled to such fees as a matter of law."))

The court recognizes that Mr. Gruenberg, who is apparently not an attorney, is not asking for attorney's fees for his own work but for that of Michael R. Miller, an attorney who worked "behind the scenes" on Gruenberg's behalf. That circumstance does not change the result. The practice of an attorney's providing legal assistance to a pro se litigant without filing a notice of appearance is unacceptable and cannot result in an award of fees. One court has found that an attorney's actions in providing substantial legal assistance to a pro se party without entering an appearance in the case not only affords the pro se party the benefit of the court's liberal treatment of unrepresented parties, but also shields the attorney from accountability for his actions as counsel. Such conduct, if substantial, can constitute a misrepresentation to the court by both litigant and counsel that has been roundly criticized by numerous courts. *See Duran v. Carris,* 238 F.3d 1268, 1271-73 (10th Cir. 2001) and cases cited therein. Here, the assistance alleged by Mr. Gruenberg from Mr. Miller was clearly substantial and the court will not reward it with an award of fees.

To the extent that Mr. Gruenberg has submitted a letter from Mr. Miller as his reply to the plaintiffs' opposition ([DE] 93), the court declines to consider it, but does note that the papers do not cite a single case that would contravene the clear law stated *supra* that pro se litigants cannot be awarded attorneys's fees.

The motion is denied. A copy of this order is being mailed to Mr. Gruenberg at the address listed on his motion papers on the date below and also emailed to him at

fragrancezone@earthlink.net, an address provided by him to chambers.

Dated: Central Islip, New York  **SO ORDERED:**
       December 3, 2008

                                               /s/ William D. Wall
                                               WILLIAM D. WALL
                                               United States Magistrate Judge