Gary Gruenberg
1000 W. Island Blvd., Apt 1009, Miami, Florida 33160

December 10, 2008

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 16 2008 ★
LONG ISLAND OFFICE

Honorable Denis R. Hurley
United States District Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11772

RECEIVED
HON. DENIS R. HURLEY
★ DEC 16 2008 ★

Re: Alcoa Inc. and Reynolds Metal Company v. ATM, Inc. Et al (04 Civ. 5225)

Dear Judge Hurley:

I would like to appeal Magistrate Judge Wall's decision on the issue of awarding attorney fees to Michael Miller and to Defendant Gary Gruenberg under Federal Rules of Civil Procedure 72 (a).

It is well noted and documented with the Plaintiff's attorneys and this court, that Michael Miller has helped me by appearing at my deposition, casually advising and discussing issues concerning this case and helping me follow the rules and procedures of the court. During settlement discussions I took Magistrate Judge Wall's recommendation to have an attorney help me negotiate the settlement against the two largest law firms in New York which may help get to a conclusion quicker. This resulted in the Plaintiff filing a voluntary dismissal.

It is well established in Federal Court that a pro se litigant (Plaintiff) is not entitled to attorney fees. There is no case law showing that a pro se litigant (Defendant) is not entitled to attorney fees. The two cases (Coyle v. Coyle, 334 F. Supp. 2d 284,288(E.D.N.Y.2004) and (Barash v. Ford Motor Corp., 2007 WL 1791656 at *5n.11(E.D.N.Y. June 20,2007) presented by the Plaintiff which the Magistrate relied on have nothing to do with my case as one is civil rights case and the other is a credit reporting issue which have their own set of rules and procedures not related to this case. Also, both cases were won by pro se litigant plaintiff's not defendents.

Again I want to establish that Michael Miller was well noted and documented with the plaintiff's attorneys without any objections. I could not afford to hire an attorney to defend against two huge NY law firms in Federal Court in NY. This case has lasted over four years. It would have cost a half million dollars to defend this case. I don't have the money to defend myself. However, I do need to defend myself against the charges. Michael miller helped me out with the understanding that at some time I would be responsible for his time and efforts. His involvement in this manner was stipulated to by Plaintiff. The magistrate judge relied on another case provided by plaintiff's attorney (Duran v. Carris, 238 F. 3d 1268, 1271-73(10th Cir. 2001) which clearly has nothing to do with this case. In that case, the attorney's did not disclose the fact that they were filing pleadings on behalf of the pro se defendant violating the duty of candor. Since everyone was aware of Michael Miller there was no misrepresentation, confusion for the court and unfairness towards opposing parties.

The magistrate's secretary gave us permission to submit a response to the Plaintiff's opposition. We are surprised that the magistrate possibly missed this and declined to consider it. We feel that everything should be considered.

Your honor needs no authority to decide whatever is proper. The cases presented by the Plaintiff have no bearing on this case. Pursuant to voluntary dismissal rules of procedure your honor should rule on the merits of the case and award us the fees requested. The rule gives the court complete discretion in deciding the issue of fees.

The defendents are not the only victims in this case because the entire public inevitably suffers when a vindictive plainfiff squanders limited judicial resources by prosecuting frivolous lawsuits. An award of fees in this case will further the purpose of deterring groundless lawsuits. The Plaintiffs have billed millions to their client and then decided to say never mind and voluntarily dismiss the case.

Thank you for your consideration.

Respectfully yours.

Gary Gruenberg